UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELVIN WINN,<br><br>                Petitioner,<br><br>  v.<br><br>RANDY BLADES,<br><br>                Respondent. | Case No. 1:16-cv-00390-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Melvin Winn ("Petitioner" or "Winn"), challenging Petitioner's Ada County conviction of sexual abuse of a minor under the age of sixteen. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, arguing that Petitioner's claims are procedurally defaulted. (Dkt. 12.) Respondent has also filed a Motion to Strike Petitioner's multiple unauthorized sur-replies. (Dkt. 18.) Both Motions are now ripe for adjudication.

      The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 8.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

      Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

Accordingly, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing this case with prejudice.

## BACKGROUND

The Idaho Court of Appeals described the facts of Petitioner's case as follows:

> In 2008, Melvin Winn's granddaughter (J.H.) reported to her mother that Winn touched her vagina. The mother relayed this information to law enforcement and an officer interviewed Winn. During the interview, Winn asserted that he may have accidently touched J.H.'s vagina while playing with her. Winn was not prosecuted at that time. In 2011, J.H.'s brother, M.H., reported that he witnessed Winn molesting J.H. Officers again interviewed Winn, who acknowledged the allegations were "possible," but denied any independent recollection due to use of methamphetamine. Winn requested and was scheduled for a polygraph. During the pre-test interview, Winn revealed to the examiner that he sexually abused J.H. by touching her vagina "on 5 or 6 different occasions." He also admitted to performing oral sex on J.H. "on 2 or 3 different occasions." Winn explained these incidents occurred around December 2008.

(State's Lodging B-4 at 1.)

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner was charged with one count of lewd conduct with a minor under the age of sixteen, as well as a sentencing enhancement based on a prior conviction for a registrable sex offense. (State's Lodging D-8 at 1.) Petitioner pleaded guilty to the lesser offense of sexual abuse of a minor under the age of sixteen, and the State dismissed the sentencing enhancement charge. Petitioner filed a motion to withdraw his guilty plea, but the trial court denied that motion. (State's Lodging A-2 at 24-26.) Petitioner received a unified sentence of twenty-five years in prison with twelve years fixed. (State's Lodging D-8 at 1.)

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner filed a direct appeal, initially arguing, under Idaho law, that the trial court abused its discretion when in denying the motion to withdraw Petitioner's guilty plea and that Petitioner's sentence was excessive. (State's Lodging B-1.) However, Petitioner's counsel conceded in Petitioner's reply brief that Petitioner had not met the standard for a motion to withdraw a guilty plea. (State's Lodging B-3 at 1.) The Idaho Court of Appeals affirmed Petitioner's sentence, and the Idaho Supreme Court denied review. (State's Lodging B-4, B-6.)

Petitioner then filed a petition for state post-conviction relief. (State's Lodging C-1 at 4-9, 28-40.) The state district court dismissed the petition, and Petitioner appealed. (*Id.* at 96-101.) Petitioner was initially appointed post-conviction appellate counsel, but counsel later withdrew, with court approval. (State's Lodging D-1, D-2, D-3.) Petitioner continued the appeal pro se, submitting a one-page brief asserting ineffective assistance of trial counsel and a violation of due process. (State's Lodging D-6.) The Idaho Court of Appeals affirmed. The court held that Petitioner had not submitted any admissible evidence to support his ineffectiveness claim and that Petitioner had waived his due process claim by failing to support it with argument or authority. (State's Lodging D-8 at 5 and n.1.) The decision of the court of appeals was issued on March 25, 2016.

Petitioner then petitioned the Idaho Supreme Court for review of the decision of the court of appeals. (State's Lodging D-9.) Pursuant to the Idaho Appellate Rules, a petition for review must be filed within 21 days of the decision of the Idaho Court of Appeals—making Petitioner's request for review due on April 15, 2016. *See* Idaho App. R. 118. In his petition, Petitioner certified that he "mailed a true and correct copy of the

**MEMORANDUM DECISION AND ORDER - 3**

[petition for review] via the prison mail system for processing" on April 14, 2016. (State's Lodging D-9.) This certification was not signed under penalty of perjury, nor was it notarized.

The petition was not received by the Idaho Supreme Court until April 18, 2016—three days after the due date. (State's Lodging D-10.) Noting that the petition for review *appeared* to be untimely, the Idaho Supreme Court conditionally dismissed the appeal and ordered Petitioner to file a response within 14 days, "showing why this Petition for Review should not be dismissed." (*Id.*) Petitioner did not respond to that order. Therefore, the Idaho Supreme Court issued a final order of dismissal. (State's Lodging D-11.)

In the instant habeas action, Petitioner does not include any claims within the Petition itself. Rather, he has attached his post-conviction appellate brief to the Petition, thereby asserting the same claims as he asserted in that appeal: (1) ineffective assistance of counsel under the Sixth Amendment to the U.S. Constitution, as well as under Article I, Section 13 of the Idaho Constitution, and (2) a due process violation. (Dkt. 1 at 6.)

## DISCUSSION

### 1. Respondent's Motion to Strike

Petitioner has filed several sur-replies in opposition to Respondent's Motion for Summary Dismissal. (*See* Dkts. 14-17.) Respondent moves to strike these briefs as unauthorized. (Dkt. 18.)

Sur-replies (i.e., briefs filed in response to a reply brief) to motions are not expressly permitted by the Local Rules or by the Federal Rules of Civil Procedure, and

**MEMORANDUM DECISION AND ORDER - 4**

this Court previously ordered that "[n]o party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court." (Dkt. 4 at 4.) Petitioner did not seek leave of Court before filing his multiple sur-replies.

Although pro se filings are liberally construed, pro se litigants must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). Therefore, the Court will grant Respondent's Motion to Strike.[1]

## 2. Respondent's Motion for Summary Dismissal

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.

### A. Standards of Law

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842

---

[1] Even if the Court were to consider the unauthorized filings, they provide no basis for a different outcome in this action.

**MEMORANDUM DECISION AND ORDER - 5**

(1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear,

**MEMORANDUM DECISION AND ORDER - 6**

consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, and even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard . . . is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

### B. Petitioner's Claims Are Procedurally Defaulted

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. Because Petitioner's reply brief withdrew one of his two claims on direct appeal, the only claim that was fairly presented to the Idaho appellate courts during that appeal was Petitioner's claim that his sentence constituted an abuse of discretion. (State's Lodging B-1, B-3.) Even if Petitioner's state-law "abuse of discretion" sentencing claim could be construed as a federal claim under the Eighth Amendment, no sentencing claim is asserted in the instant Petition.

Further, during post-conviction proceedings, the Idaho Supreme Court did not decide any claims on the merits following the decision of the Idaho Court of Appeals. Rather, the Idaho Supreme Court dismissed the petition for review as untimely, pursuant to Idaho Appellate Rule 118, after Petitioner failed to respond to its order of conditional dismissal.

Respondent has sufficiently invoked Rule 118—which requires a petition for review to be filed within 21 days after the Idaho Court of Appeals' decision for which review is requested—as an independent and adequate state procedural bar. The burden therefore shifts to Petitioner to show that the Rule is not adequate or is dependent upon federal law. *See Bennett*, 322 F.3d at 586.

Idaho courts follow the prison mailbox rule, which generally deems a pro se prisoner's court submission filed on the date the document is delivered to prison

**MEMORANDUM DECISION AND ORDER - 8**

authorities for placement in the mail, rather than the date it is actually filed with the court. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996). This rule is based on the fact that, once a prisoner hands over a document to the authorities, he has no control over when the authorities place that document in the mail. *Id.* at 800 ("[T]he pro se inmates lost control over their petitions once the petitions were delivered to prison officials, rather than when the petitions were voluntarily placed in the United States mail or when the petitions were delivered to the court clerk.").

If Petitioner delivered his petition for review to prison authorities for mailing on April 14, 2016—as the petition stated he did—then that petition actually would have been timely under Idaho law, contrary to the Idaho Supreme Court's determination. However, the certification of the date of delivery was not notarized or verified under penalty of perjury. Therefore, the Idaho Supreme Court directed Petitioner to respond to the order of conditional dismissal with evidence showing that the petition for review was timely.

At least as far back as 1990, the Idaho Supreme Court demonstrated that it would withdraw a conditional dismissal based on the untimeliness of a petition for review, where the prisoner-appellant responded to the conditional dismissal with evidence—in that case a verified statement—that the document was delivered to prison authorities for mailing within the required time period. *See State v. Lee*, 786 P.2d 594, 595 (Ct. App. 1990) (per curiam). Thus, there is every indication that, had Petitioner responded to the order of conditional dismissal with evidence that he, in fact, delivered his petition for review to prison authorities prior to the April 15, 2016 deadline, the Idaho Supreme Court would have withdrawn the conditional dismissal and considered whether to review the

**MEMORANDUM DECISION AND ORDER - 9**

decision of the court of appeals—thereby considering Petitioner's claims on the merits. Given Petitioner's failure to respond, the Idaho Supreme Court's order of final dismissal was consistent with its general application of Idaho Appellate Rule 118. Petitioner has provided no adequate reason why he did not respond to the Idaho Supreme Court's order, and the record reflects none, placing responsibility for the default of this claim solely upon Petitioner. Though Petitioner claims at one point that he "missed a filed date and to not understand[] the papers he was [presented] with did respond" (Dkt. 11 at 2), he has not described the content of any such response, and no such response is contained in the state court record.

Therefore, Petitioner has failed to meet his burden of showing that Rule 118 was not clear, consistently applied, and well-established at the time of Petitioner's post-conviction appellate proceedings, or that Rule 118 is dependent on federal law. *See Martinez v. Klauser*, 266 F.3d at 1093-94; *Bennett*, 322 F.3d at 581. All of Petitioner's claims are procedurally defaulted because they were not fairly presented to the Idaho Supreme Court, either during direct appeal or during the post-conviction appellate proceedings.

### C. *Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of His Claims*

For the reasons set forth above, Petitioner's claims are procedurally defaulted. However, that conclusion does not end the inquiry. If a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising

**MEMORANDUM DECISION AND ORDER - 10**

from the default, *see Coleman*, 501 U.S. at 731, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

      i.      <u>Cause and Prejudice Exception</u>

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of counsel ("IAC") to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state

**MEMORANDUM DECISION AND ORDER - 11**

appellate courts. *Id.* ("A claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted). If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel, or lack of counsel, during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

The Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). That case held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than claims of ineffective assistance of trial counsel ("IATC"), and it can apply only if the underlying IATC claim is exhausted and procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal

counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*).

The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013).

Petitioner has provided no adequate reason why his claims were not properly raised before the Idaho Supreme Court. On direct appeal, Petitioner's counsel withdrew the guilty plea claim in the Idaho Court of Appeals and before it reached the Idaho Supreme Court, because the claim was groundless. Even if the claim had some merit, *Edwards* does not permit Petitioner to rely on ineffective assistance of direct appeal counsel to excuse a procedural default unless he has first properly exhausted the ineffective assistance of direct appeal counsel claim or separately shown cause and prejudice for the default of that claim—which he has not. *See* 529 U.S. at 452.

Reviewing the next stage of proceedings, the Court concludes that Petitioner has identified no errors of post-conviction counsel in the *initial* post-conviction review proceedings that contributed to the default, such that the *Martinez* exception would apply.

**MEMORANDUM DECISION AND ORDER - 13**

Rather, Petitioner's default occurred at the *appellate* stage of litigation, outside the boundaries of the *Martinez* exception. *Martinez* held that a petitioner may not use, as cause to excuse a procedural default, any attorney error that occurred in "appeals from initial-review collateral proceedings," including in petitions for discretionary review. 566 U.S. at 16. Therefore, the withdrawal of Petitioner's post-conviction *appellate* counsel, which required Petitioner to file his petition for review pro se, does not constitute cause.

Accordingly, the record reflects that the cause-and-prejudice exception does not apply to Petitioner's claims.

      ii.      <u>Miscarriage-of-Justice Exception</u>

Actual innocence, in the context of miscarriage-of-justice exception to procedural default, "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, '. . . no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit. *Jenkins v. Hutton*, 137 U.S. 1769, 1772 (2017) (per curiam) (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992), for the clear and convincing evidence standard). This is an extremely demanding

**MEMORANDUM DECISION AND ORDER - 14**

standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

Petitioner has not provided any new, reliable evidence that he is actually innocent. Petitioner claims that the victim's brother—who reported that Petitioner had sexually molested the victim—has since recanted, and that the victim herself also recanted at some point. However, even if these allegations are true, such recantations do not call into question Petitioner's admissions to the sexual misconduct.[2]

## CONCLUSION

For the reasons set forth above, Petitioner's claims are subject to dismissal as procedurally defaulted.[3]

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 12) is GRANTED.

2. Respondent's Motion to Strike (Dkt. 18) is GRANTED. Docket Nos. 14, 16, and 17 are STRICKEN from the record.

3. Respondent's Motion for Summary Dismissal (Dkt. 9) is GRANTED, and the Petition is DISMISSED with prejudice.

---

[2] Although Petitioner has asserted that his statements to the polygraph examiner were a misunderstanding, and that he was simply repeating back the allegations rather than confessing to them, the state court's factual finding that Petitioner admitted the abuse to the examiner is presumed correct (*see* State's Lodging B-4 at 1), and Petitioner has not rebutted that presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

[3] Petitioner's Idaho constitutional claim is subject to dismissal for the additional reason that it is not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

**MEMORANDUM DECISION AND ORDER - 15**

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **January 4, 2018**

B. Lynn Winmill
Chief Judge
United States District Court